UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-296-FDW
(3:12-cr-170-FDW-1)

| | |
|---|---|
| OSCAR MAGANA, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon Petitioner Oscar Magana's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner seeks relief from his 166-month sentence, arguing that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015).

I.    **BACKGROUND**

On February 21, 2013, Petitioner pleaded guilty in this Court to possession of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), pursuant to a written plea agreement with the Government. Entry and Acceptance of Guilty Plea, United States v. Magana, 3:12-CR-170-FDW-1 (W.D.N.C.), Doc. No. 30. The indictment described the relevant "crime of violence" as carjacking in violation of 18 U.S.C. § 2119. Indictment, id. at Doc. No. 1. In the parties' plea agreement, the Government agreed to move to dismiss the other counts in the indictment, including carjacking, 18 U.S.C. § 2119; possession of marijuana with intent to distribute, 18 U.S.C. § 841(a)(1), (b)(1)(D); and a second count under § 924(c). Plea Agreement ¶2, id. at Doc. No. 29. In exchange for these concessions, Petitioner agreed to waive his right to challenge his conviction or sentence through an appeal or in a motion based on "28 U.S.C. §

1

2255, and similar authorities," except on the bases of ineffective assistance of counsel and prosecutorial misconduct. Id. at ¶¶ 18-19.

This Court, Magistrate Judge David Cayer presiding, conducted a plea colloquy in accordance with Federal Rule of Criminal Procedure 11. Entry and Acceptance of Guilty Plea, 3:12-CR-170-FDW-1, Doc. No. 30. During the colloquy, Petitioner affirmed that he understood the charges to which he was pleading guilty and the maximum penalties he faced. Id. at ¶¶ 8; 9. Petitioner also affirmed that he was, in fact, guilty of the offenses to which he was pleading guilty and that he understood that if his sentence was more severe than he expected, he would still be bound by his plea and have no right to withdraw it. Id. at ¶¶ 16; 23. Additionally, Petitioner affirmed that he understood that his right to challenge his conviction and/or sentence in a post-conviction proceeding had been "expressly waived" in his plea agreement. Id. at ¶ 27. At the conclusion of the hearing, this Court accepted Petitioner's guilty plea as knowingly and voluntarily entered. Id. at p. 4.

This Court sentenced Petitioner to a term of imprisonment of 166 months. Judgment, 3:12-CR-170-FDW-1, Doc. No. 50. The Fourth Circuit dismissed Petitioner's appeal of that sentence as within the scope of the waiver that he executed as part of his plea agreement. Order Dismissing Appeal, id. at Doc. No. 59.

On May 31, 2016, Petitioner filed the instant § 2255. (Doc. No. 1.) The Government filed a Response on December 13, 2016. (Doc. No. 5.) On December 14, 2016, this Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Petitioner of his right to reply to the Government's Response and advising Petitioner that failure to reply may result in dismissal of his § 2255 Motion to Vacate without further notice. (Doc. No. 6.) The Court provided Petitioner 14 days from receipt of its Order to file a reply. (Doc. No. 6.)

As of entrance of this Order, Petitioner has not filed a reply to the Government's Response. The Court finds Petitioner has had more than sufficient time to do so and that this matter is ripe for review.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings for United States District Courts provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's Response, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner contends that in light of Johnson, carjacking no longer qualifies as a crime of violence under § 924(c). The Government responds that Petitioner's claim fails for four reasons, only two of which the Court will address.

### A. Waiver

The Government first contends that Petitioner's Johnson claim is subject to dismissal because he waived the right to bring it in his plea agreement. The Court agrees. It is well established that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Whether a waiver is knowing and voluntary is evaluated based on the totality of the circumstances. See United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full

significance of the waiver, the waiver is valid." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). Additionally, it is well settled that statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of a plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

Here, the record establishes that Petitioner knowingly and voluntarily waived his right to challenge his sentence in a post-conviction proceeding filed pursuant to § 2255 or "similar authorities," except on the bases of ineffective assistance of counsel or prosecutorial misconduct. This Court conducted a thorough and careful Rule 11 colloquy, during which Petitioner affirmed that he understood that he was waiving both his right to appeal his sentence and his right to challenge his conviction or sentence in a post-conviction proceeding, see Entry and Acceptance of Guilty Plea, 3:12-CR-170-FDW-1, Doc. No. 30, and Petitioner does not argue that his plea was either unknowing or involuntary.

**B. Merits**

The Government next argues, and the Court agrees, that even if Petitioner's Johnson claim is not waived, it fails on the merits. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2558. Under the ACCA, a defendant faces an enhanced sentence if he has three qualifying prior convictions for either a "violent felony" or a "serious drug offense." § 924(e)(1). The ACCA defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)   is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

4

§ 924(e)(2)(B)(i)(ii) (emphasis added). The italicized closing words of § 924(e)(2)(B)(ii) constitute the ACCA's residual clause. See Johnson, 135 S. Ct. at 2556. Thus, a defendant who was sentenced to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition of the ACCA is entitled to relief from his sentence.

Petitioner was not convicted under § 924(e). He was convicted under § 924(c). To sustain a conviction under 18 U.S.C. § 924(c), the government must prove that the defendant (1) discharged or brandished a firearm and (2) did so during and in furtherance of a crime of violence. Section 924(c)(3) defines a crime of violence as "an offense that is a felony and . . . (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. As with the ACCA, the first definition is referred to as the "force clause" and the second as the "residual clause."

Petitioner contends that the holding in Johnson invalidates the residual clause of § 924(c). The Court need not determine whether he is correct because carjacking in violation of § 2119 is a "crime of violence" under the "force clause" of § 924(c). See United States v. Evans, __ F.3d __, 2017 WL 444747, at *4 (4th Cir. Feb. 2, 2017) (holding that carjacking under 18 U.S.C. § 2119 is categorically a crime of violence under the force clause of § 924(c)(3)); United States v. Moore, 43 F.3d 568, 572–73 (11th Cir. 1994) ("Tak[ing] or attempt[ing] to take by force and violence or by intimidation," 18 U.S.C. § 2119, encompasses "the use, attempted use, or threatened use of physical force . . . ." 18 U.S.C. § 924(c)(3)(A).); United States v. Mohammed, 27 F.3d 815, 819 (2d Cir. 1994). Consequently, Petitioner's claim for relief fails.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED and DISMISSED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.** Signed: February 13, 2017

Frank D. Whitney
Chief United States District Judge