# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA

V.  CASE NO. 3:12-CR-170-FDW-1

OSCAR MAGANA

## ORDER

**THIS MATTER** is before the Clerk due to the fiduciary duty to disburse restitution payments in accordance with the Judgments of this court and the Mandatory Victims Restitution Act (MVRA).

A basic requirement of being able to disburse restitution payments is the clear identification of victims, which normally would occur at sentencing. However, the Clerk has identified dozens of cases in which restitution was "deferred," but victims and their losses were never identified for purposes of being paid restitution. The basic requirement to identify victims and their losses at sentencing is established by law at 18 U.S.C. §§3663(a)(1) & 3663A(a)(1).

Further, 18 U.S.C. §3664(d)(5) provides for the Government to ascertain any victim loss(es) and provide this information to the Court ten days prior to the

sentencing date. In many cases with multiple defendants and numerous victims, this ten-day deadline cannot be met. In instances where the restitution amounts have not been determined by the ten-day deadline prior to sentencing, 18. U.S.C. §3664(d)(5) provides for the Court to set aside entry of the Order of Restitution for another 90 days after sentencing to give the Government additional time to determine any victim loss(es).

This is a deferred restitution case in which victims and/or their loss amount(s) were not identified at the end of the 90 days. In this action:

☒ No victims were identified on the Judgment.

☐ Victims were identified on the Judgment; however, a final loss amount was never determined.

☐ One or more victims were identified with a restitution amount specified. However, the Court did not order restitution for another named victim(s).

While this case has been in deferred status, restitution funds:

☐ Have been paid to the Clerk. Such accumulated funds have not been disbursed to any victims.

☒ Have not been paid to the Clerk.

Six circuits, including the Fourth Circuit, have held that the MVRA's 90-day limit for identifying victims after sentencing does not deprive a district court of

jurisdiction to amend an incomplete restitution order that has been entered as part of the judgment. *See United States v. Johnson,* 400 F.3d 187, 199 (4th Cir. 2005). The ability of a victim to later petition the court for their losses is also provided for in 18 U.S.C. §3664(d)(5) which provides that if a victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order, which shall be granted upon the showing of good cause for failure to include such losses in the initial claim for restitution. Therefore, the payment of restitution funds to known victims on a deferred case will not preclude adding additional victim losses to the case at a later date if so ordered by the Court.

**THEREFORE, IT IS HEREBY ORDERED** that:

☒ Restitution is determined to be $0.00.

☐ Restitution has been determined for victim(s) _____ in the amount of _____. The U.S. District Clerk's Office is directed to disburse any monies on hold to the victim(s) named above.

☐ Restitution is determined to be $0.00 for any named victim(s) for whom a restitution amount was not determined on the Judgment.

☐ The U.S. District Clerk's Financial Department is directed to return any monies on hold to the defendant.

A copy of this Order is to be served on all parties and the Financial Department of this Court.

**SO ORDERED, this 30th day of October, 2018.**

*Frank G. Johns, Clerk*